# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD L. PUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-04-429-SH |
| ) | |
| JO ANNE B. BARNHART, ) | |
| **Commissioner of the Social Security** ) | |
| **Administration,** ) | |
| ) | |
| Defendant. ) | |

## ORDER

The claimant, Richard L. Pugh, pursuant to 42 U.S.C. § 405(g), requests judicial review of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability benefits under the Social Security Act. The claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred, because the ALJ incorrectly determined he was not disabled. For the reasons discussed below, the Commissioner's decision is REVERSED and REMANDED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only "if his physical or mental impairment or impairments are of such severity that he

is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national economy . . ." *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Sec'y*

---

[1] Step one requires claimant to establish he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that claimant establish he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. *See id*. §§ 404.1521, 416.921. If claimant is engaged in substantial gainful activity (step one) or if claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity (RFC) to perform his past relevant work. If claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which claimant–taking into account his age, education, work experience, and RFC–can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

*of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

### Claimant's Background

The claimant was born December 17, 1952, and was 50 years old at the time of the hearing before the ALJ. He has a limited education and previously worked as a grocery stocker, trash collector, and truck driver. The claimant alleges he has been unable to work since July 1, 1999, because of seizures, hypertension, post traumatic stress disorder ("PTSD"), depressive disorder, chronic obstructive pulmonary disease ("COPD"), and back, shoulder, and elbow pain. However, the claimant did testify that he continued to work one day a week at the stockyard as a gatehand. (Tr. 416).

### Procedural History

On September 18, 2000, the claimant initially applied for SSI benefits. After that application was administratively closed, the claimant applied for Supplemental SSI benefits on December 27, 2001. This application was denied initially and upon reconsideration. On January 29, 2003, the claimant testified at a hearing in McAlester, Oklahoma, before Administrative Law Judge ("ALJ") Dean C. Metry, where he was represented by attorney Victoria Rackley. On July 28, 2003, the ALJ issued a decision denying benefits. The Appeals Council denied the claimant's subsequent request for review on July 28, 2004. Accordingly, the administrative action is final in this case. 20 C.F.R. § 404.981.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform light work involving lifting and/or carrying of 10 pounds frequently and 20 pounds occasionally, and standing, walking or sitting six hours out of an eight-hour day. The ALJ also found that the claimant could reach overhead with his right arm, stoop, crouch, kneel, crawl and climb stairs or use ramps, but that he must avoid heights, ropes, ladders, scaffolds, and working around hazardous moving machinery. The ALJ concluded the claimant was not disabled, as he could perform other jobs in the national and regional economies, *e.g.*, unskilled positions of assembler and packager.

## Review

The claimant asserts the ALJ erred: (i) by failing to properly analyze the claimant's mental impairments; (ii) by failing to follow the mandates of 20 C.F.R. §416.935 in evaluating the effects of the claimant's drug and alcohol use on his mental impairments; and, (iii) by failing to properly determine the claimant's RFC. The Court finds the claimant's first contention dispositive and elects not to address the remaining contentions at this time.

The claimant asserts in his first contention that the ALJ failed to demonstrate the legally required "technique" for his analysis of mental impairments, in the following particulars: (i) the ALJ failed to rate, or even discuss, the degree of the claimant's functional loss in those areas with reference to the five point scale set forth in the regulations; (ii) the ALJ failed to consider the claimant's impairments against any listed impairment; (iii) the

-4-

ALJ only discussed three of the four relevant functional areas of the Psychiatric Review Technique ("PRT"); and, (iv) the ALJ did not find the claimant's mental impairments to be severe and did not include any mental limitations in the RFC.

The evidence shows the claimant underwent two separate PRT examinations. In a Mental Residual Functional Capacity assessment dated May 16, 2002, Dr. Ron Smallwood, Ph.D., identified marked limitations in the claimant's ability to understand and remember detailed instructions, carry out detailed instructions, and interact with the general public. Regardless of these findings, Dr. Smallwood found the claimant not significantly limited in his ability to maintain attention and concentration for extended periods or in his ability to work at a consistent pace without interruption from psychologically based symptoms. (Tr. at 326-329). Dr. Smallwood found the claimant suffers from a depressive disorder marked by appetite disturbance, sleep disturbance, difficulty concentrating or thinking, and hallucinations, delusions or paranoid thinking. Dr. Smallwood also found the claimant suffering from PTSD and a substance addiction disorder. (Tr. At 312-325). He was of the opinion that these mental impairments cause only a mild limitation to the claimant's activities of daily living and moderate limitations in his abilities to maintain social functioning and concentration, persistence or pace. (Tr. at 322).

In a Mental Residual Functional Capacity assessment dated August 8, 2002, Dr. Margaret McKinney Ph.D., found the claimant was not significantly limited in his ability to maintain attention and concentration for extended periods or in his ability to work at a consistent pace without interruption from psychologically based symptoms. Dr. McKinney

identified marked limitations in the claimant's ability to understand and remember detailed instructions, carry out detailed instructions, and interact with the general public. (Tr. at 360-363). Dr. McKinney also found that the claimant suffered from a depressive disorder marked by appetite disturbance, sleep disturbance, difficulty concentrating or thinking, and hallucinations, delusions or paranoid thinking. (Tr. at 346-359). Dr. McKinney determined that the claimant suffered from PTSD and further noted that the claimant's substance addiction disorder was related to the claimant's previous and continued use of alcohol. (Tr. at 354). Dr. McKinney opined that these mental impairments caused only a mild limitation to the claimant's activities of daily living and a moderate limitation in his abilities to maintain social functioning and concentration, persistence or pace. (Tr. at 356).

When the evidence shows that a mental impairment limits a claimant's ability to work, the ALJ must follow the technique established by 20 C.F.R. §§ 404.1520a and 416.920a to analyze the claimant's mental impairment. *Cruse v. United States Dep't of Health and Human Serv.*, 49 F.3d 614, 617 (10th Cir. 1995). First, the ALJ must evaluate whether the claimant has a "medically determinable mental impairment." 20 C.F.R. § 416.920a(b)(1);20 C.F.R. § 404.1520a(b)(1). Next, the ALJ must determine the degree of function that the claimant has lost as a result of the impairment. *Cruse*, 49 F.3d at 617. In this regard, four broad areas of function must be assessed: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and, (4) episodes of decompensation. 20 C.F.R. §§ 404.1520a(c)(3) and 416.920a (c)(3).

The degree of functional loss in each of the areas referenced above must be rated

using a five-point scale. That scale measures the first three areas in the descriptive terms of none, mild, moderate, marked, and extreme. The scale measures the fourth area in numerical terms of none, one to two, three, and four or more. 20 C.F.R. §§ 404.1520a(c)(4) and 416.920a (c)(4). If the impairment is deemed to be severe, the medical findings regarding the impairment and the rating of degree of functional limitations must then be compared to any appropriate listed mental disorder. 20 C.F.R. §§ 404.1520a(d)(2) and 416.920a (d)(2). This process or "technique" is commonly referred to as the PRT analysis.

The ALJ must use the PRT "technique" for analyzing mental impairments and document the application of the "technique" in his decision. Revised Medical Criteria for Evaluating Mental Disorders and Traumatic Brain Injury, 65 Fed. Reg. 50,757 (2000); 20 C.F.R. §§ 404.1520a(e) and 416.920a (e). The record must contain "substantial competent evidence" to support the conclusions reached by the ALJ. *Cruse*, 49 F.3d at 618. Even when the ALJ personally completes a PRT Form, he must still discuss the evidence he relied on in making the conclusions expressed. *Id*. The ALJ is not required to complete a PRT Form, but instead documents his findings in his decision. 20 C.F.R. § 416.920a(e).

In his decision, the ALJ made reference to three of the requisite four broad areas of function, but he did not rate these areas according to the regulatory requirement.[2] He did not

---

[2] The ALJ addressed the functional area of "activities of daily living" by citing to the statements the claimant made during his PRT examinations, *e. g.*, the claimant's report to the examiners that he only did things when he "felt like it." (Tr. at 24). The ALJ addressed area of "social functioning" with references to the PRT examinations, *e. g.*, the claimant's statement that he got along well with coworkers and supervisors at his part-time job. The ALJ assessed the functional area of "concentration, persistence, or pace" by reference to findings in the PRT examinations, *e. g.*, the observation that the claimant was able to remember six digits forward and

address the functional area of "episodes of decompensation" in any way.[3] While it is perhaps possible to conclude from the ALJ's discussion that he found the claimant was not severely limited or impaired in these functional areas, it is the ALJ (and not a reviewing court) who must weigh the evidence and provide reasons for disregarding evidence that is not supported by or that is inconsistent with other evidence in the record. *See Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (finding that when an ALJ does not provide any explanation for his decision, the court cannot meaningfully review his determination, because it is left for speculation on what specific evidence he relied in making the decision); *see also Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2000) (noting that the court cannot "draw factual conclusions on behalf of the ALJ."); *see also Robinson v. Barnhardt*, 366 F.3d 1078, 1084 (10th Cir. 2004). ("[T]he magistrate judge erred in upholding the Commissioner's decisions by supplying possible reasons for giving less weight to or rejecting the treating physician's opinion. The ALJ's decision should have been evaluated based solely on the reasons stated in the decision."), *citing Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168-169 (1962).

In summary, the ALJ found the claimant had a mental impairment that limited his ability to work, and the ALJ was therefore required to analyze the degree of impairment in

---

three backward, was able to count backwards from twenty, was able to remember three words after five minutes, but could not remember the days of the week (Tr. at 24-25).

[3] The Commissioner argues that there is no evidence of any episodes of decompensation in a work environment. The claimant cites evidence to the contrary. At the very least, the ALJ should have determined whether there was evidence of "episodes of decompensation" and stated what part such evidence (or the absence thereof) played in his evaluation of the claimant's mental impairment.

accordance with the technique outlined in 20 C.F.R. §§ 404.1520a and 416.920a. The ALJ failed to do this properly, *i. e.*, he wholly failed to address one functional area, he failed to properly rate the broad areas he did address, and he failed to discuss the analysis he employed in reaching the conclusion that the claimant is capable of performing the full range of unskilled work. His decision must therefore be reversed and the case remanded for proper application of the technique outlined in 20 C.F.R. §§ 404.1520a and 416.920a.

**Conclusion**

The Court finds that the ALJ did not apply correct legal standards, and the decision of the Commissioner is therefore not supported by substantial evidence. The ruling of the Commissioner of the Social Security Administration is hereby REVERSED and REMANDED for further proceedings in accordance herewith.

**DATED** this __27th__ day of February, 2006.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**